UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHEFFIELD WOODS AT WELLINGTON
CONDOMINIUM ASSOCIATION, INC.,

       Plaintiff,

v.                                               Case No. 8:09-cv-1148-T-24 TBM

SCOTTSDALE INSURANCE COMPANY,

       Defendant.
_____/

## **ORDER**

This cause comes before the Court on two motions: (1) Plaintiff's Motion to Remand (Doc. No. 6), which Defendant opposes (Doc. No. 7); and (2) Defendant's Motion to Dismiss (Doc. No. 4), which Plaintiff opposes (Doc. No. 8). Also before the Court is the parties' Joint Stipulation. (Doc. 11).

**I. Background**

Plaintiff alleges the following in its complaint (Doc. No. 2): Defendant provided property and casualty insurance to Plaintiff, a condominium association, from 1998 through 2003. On October 13, 2008, Plaintiff provided Defendant with a notice of claim for property damage that Plaintiff characterizes in its complaint as a "collapse loss" that occurred gradually within the five year period of coverage under Defendant's insurance policies. Specifically, in the notice of claim, Plaintiff states that its property suffered "structural wood damage loss" that was apparently "caused primarily by termites and occurred gradually." On December 30, 2008, Defendant denied Plaintiff's claim.

Thereafter, on May 15, 2009, Plaintiff filed suit in state court, asserting three claims: (1)

breach of contract, (2) bad faith, and (3) unfair claim settlement practices. Defendant was served with the complaint on May 21, 2009. (Doc. No. 1). On June 16, 2009, Defendant removed the case to this Court based on diversity jurisdiction.

## II. Motion to Remand

In its motion to remand, Plaintiff argues that this Court does not have subject matter jurisdiction over this case, because Defendant has not shown that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332.[1] Specifically, Plaintiff points out that it made a claim for "damages that exceed $15,000" in its complaint and that Defendant's conclusory allegation that the amount in controversy exceeds the threshold amount is not sufficient.

Defendant responds by submitting an affidavit from an expert regarding the amount in controversy. (Doc. No. 7, Ex. A). Specifically, Defendant submitted the affidavit of Justin Hartinger, an estimator that inspected the property, who opined that the damage to the buildings exceeds $75,000. (Doc. No. 7, Ex. A).

Because this case was removed, Defendant bears the burden of proving that diversity jurisdiction, and thus, the requisite amount in controversy, exists. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Since Plaintiff has made a claim for an unspecified amount of damages, Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. See id. Conclusory allegations by a defendant "that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Id. at 1320.

Upon consideration, the Court finds that Defendant has met its burden of proving the

---

[1] Plaintiff has not argued that the parties are not diverse.

2

requisite amount in controversy. Plaintiff describes its property damage in the complaint as "collapse loss," and Defendant submitted the affidavit of an expert that inspected the subject property and opined that the property damage exceeds $75,000. See Jackson v. American Bankers Ins. Co. of Fla., 976 F. Supp. 1450 (S.D. Ala. 1997)(considering expert opinions on the issue of the amount in controversy). Additionally, the Court notes that Plaintiff also seeks relocation expenses and attorneys' fees under Florida Statute § 627.428.[2] See Federated Mutual Ins. Co. v. McKinnon Motors, L.L.C., 329 F.3d 805, 808 n.4 (11th Cir. 2003)(stating that attorneys' fees allowed by statute are considered in determining the amount in controversy). Accordingly, the Court finds that Plaintiff's motion to remand must be denied.

### III. Motion to Dismiss

In its motion to dismiss, Defendant argues that Counts II and III must be dismissed, because those claims are premature. In Counts II and III, Plaintiff asserts claims for bad faith and unfair claim settlement practices, respectively. In response, Plaintiff acknowledges that those two claims are premature, given its claim for breach of the insurance contract, but it argues that Counts II and III should be abated pending the resolution of Count I, rather than dismissed. On July 23, 2009, the parties filed a joint stipulation in which they agreed to abate Counts II and III pending resolution of Count I.

Accordingly, the Court denies Defendant's motion to dismiss Counts II and III without prejudice based on the parties' agreement to abate Counts II and III pending the resolution of Count I..

### IV. Conclusion

---

[2] Section 627.428 provides for an award of attorneys' fees to prevailing insureds and beneficiaries in insurance contract litigation.

3

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion to Remand (Doc. No. 6) is **DENIED**;

(2) Defendant's Motion to Dismiss (Doc. No. 4) Counts II and III is **DENIED**; and

(3) Counts II and III are **Abated pending resolution of Count I**.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of July, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record