UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHEFFIELD WOODS AT WELLINGTON
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.                                          Case No.  8:09-cv-1148-T-24 TBM

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Defendant's Motion for Reconsideration.  (Doc. No. 69).  In this motion, Defendant asks the Court to reconsider its August 17, 2010 order (Doc. No. 67) denying its motion to bring in a third-party defendant.  As explained below, the motion is denied.

## **I.  Background**

Defendant issued property insurance to Plaintiff, a condominium association.  In this lawsuit, which was filed in May of 2009, Plaintiff contends that Defendant wrongfully denied coverage for structural damage to Plaintiff's properties caused by termites.  In August of 2010, Defendant filed a motion to assert an indemnification claim against a third-party, Orkin, Inc., the company that provided termite protection for Plaintiff's properties.

On August 17, 2010, this Court denied Defendant's motion, because the scheduling order set August 14, 2009 as the deadline for joining parties and Defendant did not show good cause for extending the deadline.  In the instant motion, Defendant seeks reconsideration of the Court's August 17, 2010 order.

**II.  Standard of Review**

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice.  <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted).  The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly.  <u>See</u> <u>id.</u> (citations omitted).

**III.  Motion for Reconsideration**

Upon review, the Court finds that reconsideration is not warranted.  In support of its motion to reconsider, Defendant cites Southern District of Florida's Local Rule 7.1(f).  However, this Court is located in the Middle District of Florida, and as such, Southern District of Florida's Local Rule 7.1(f) does not apply.

Additionally, the Court finds that Defendant still has not shown good cause for the extension.  In order to show good cause, Defendant must show that despite its diligence, it could not have moved to file a third party complaint against Orkin by the August 14, 2009 deadline in the scheduling order.  Defendant's purported good cause is its failure to properly calendar the deadline for joining third parties.  While Defendant contends that it believed that the amended scheduling orders contained typographical errors regarding this deadline, Defendant should have filed a motion for clarification rather than assuming that an error existed.  To the extent that Defendant asserts that it called Chambers to obtain such clarification, the Court rejects this argument, as this Court does not telephonically modify or correct deadlines.  Furthermore, the August 14, 2009 deadline in the amended scheduling orders was not a typographical error, as the parties never requested, and the Court never intended, that the deadline for joining parties be

extended.

Finally, the Court is not persuaded by Defendant's explanation regarding why it waited until August 2010 to move to join Orkin as a party. This case has always been about whether Defendant wrongfully denied coverage for structural damage to Plaintiff's properties caused by termites, and Defendant does not contend that it recently learned that Orkin provided termite protection for Plaintiff's properties. As such, the Court finds that Defendant still has not shown that despite its diligence, it could not have moved sooner to file a third-party complaint against Orkin.

## IV. Conclusion

Accordingly, the Court finds that Defendant still has not shown good cause for extending the deadline for filing a third-party complaint. As such, Defendant's Motion for Reconsideration (Doc. No. 69) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of August, 2010

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

3