UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHEFFIELD WOODS AT WELLINGTON
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.                                          Case No.  8:09-cv-1148-T-24 TBM

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the Court on four of Defendant's motions in limine. Accordingly, the Court will address each motion.

**I.  Mentioning Damages Prior to Establishing Date of Loss (Doc. No. 136)**

Defendant argues that Plaintiff should be precluded from making any reference to or presenting any evidence of damages prior to establishing the date that the loss occurred in this case.  While Plaintiff must establish the date of loss prior to *recovering* damages, Defendant has not cited any authority for its contention that Plaintiff must establish the date of loss prior to presenting evidence of its damages.  Accordingly, the Court denies this motion.

**II.  Defendant's Sixth Motion in Limine (Doc. No. 138)**

In this motion, Defendant argues that eight categories of evidence should be precluded. Plaintiff only opposes the motion as to two categories of evidence–(1) evidence by Roy Kerns derived from destructive testing performed without providing Defendant with the opportunity to be present, and (2) evidence related to damages revealed to Defendant after April 28, 2003. Plaintiff opposes the motion, because Defendant does not explain its basis for arguing that this

evidence should be precluded. The Court agrees with Plaintiff that it is unclear on what basis Defendant seeks to preclude this evidence, and as such, the Court denies the motion without prejudice as to these two categories of evidence. Defendant can renew this motion at trial if necessary.

### III. Testimony Regarding "Hidden" Damage (Doc. No. 139)

Next, Defendant argues that Plaintiff should be precluded from offering testimony from experts and lay witnesses (other than Plaintiff's Board of Directors) that the damage was "hidden" from Plaintiff. In support of this argument, Defendant cites Sandalwood Condominium Assoc. at Wildwood, Inc. v. Allstate Ins. Co., 294 F. Supp.2d 1315, 1319 (M.D. Fla. 2003), in which the court analyzed a policy with similar language to the policies in the instant case and stated "that in order to recover under the policy, [the plaintiff] must demonstrate that . . . [it] neither knew nor should have known of the structural damage with sufficient time to allow for repairs before it reached the stage of 'collapse.'" Based on the standard set forth in Sandalwood, Defendant argues that no one other than Plaintiff's Board of Directors can testify as to what Plaintiff's Board of Directors actually knew.

The flaw in Defendant's argument is two-fold. First, Defendant failed to cite the entire standard set forth in Sandalwood, in which the court stated: "in order to recover under the policy, [the plaintiff] must demonstrate that ***the damage to the structural integrity of the [property] was not visible*** and that [the plaintiff] neither knew nor should have known of the structural damage with sufficient time to allow for repairs before it reached the stage of 'collapse.'" Id. (emphasis added). Clearly, any witness that observed the property at issue can testify regarding whether the damage to the structural integrity of the property was visible. Second, witnesses other than

Plaintiff's Board of Directors can testify whether Plaintiff *should have known* about the structural damage. Accordingly, the Court denies this motion.

**IV. Evidence of Collapse During 2001/2002 and 2002/2003 Policies (Doc. No. 144)**

Next, Defendant argues that Plaintiff should be precluded from presenting evidence of collapse under the 2001/2002 policy and 2002/2003 policy, because Plaintiff has not presented any record evidence that the buildings collapsed during those periods. Plaintiff opposes the motion, pointing out that Defendant is confusing a motion in limine with a motion for summary judgment, as Plaintiff is not required to put forth evidence now in order to present the evidence at trial. If Defendant believed that there was a lack of evidence on this issue, it should have filed a motion for summary judgment. The Court will not preclude Plaintiff from attempting to prove a collapse occurred during the relevant time frame. As such, this motion is denied.

**V. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant's Motion in Limine regarding mentioning damages prior to establishing the date of loss (Doc. No. 136) is **DENIED**.

(2) Defendant's Sixth Motion in Limine (Doc. No. 138) is **GRANTED IN PART AND DENIED IN PART**: The motion is **DENIED WITHOUT PREJUDICE** to the extent that Defendant seeks to preclude (a) any evidence by Roy Kerns derived from destructive testing performed without providing Defendant with the opportunity to be present, and (b) any evidence related to damages revealed to Defendant after April 28, 2003; otherwise, the motion is **GRANTED**.

(3) Defendant's Motion in Limine regarding testimony that damage was hidden (Doc.

No. 139) is **DENIED**.

(4) Defendant's Motion in Limine regarding evidence of collapse under the

2001/2002 policy and 2002/2003 policy (Doc. No. 144) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of March, 2011.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge