UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHEFFIELD WOODS AT WELLINGTON
CONDOMINIUM ASSOCIATION, INC.,

       Plaintiff,

v.                                                    Case No.  8:09-cv-1148-T-24 TBM

SCOTTSDALE INSURANCE COMPANY,

       Defendant.

_____/

**ORDER**

This cause comes before the Court on two motions in limine.  Accordingly, the Court will address each motion.

**I.  Insurance Application Inspection Reports (Doc. No. 143)**

Defendant argues that Plaintiff should be precluded from introducing or referring to inspection reports made by an inspection company hired by Defendant in connection with Plaintiff's insurance applications.  Defendant contends that these reports are hearsay and would confuse the jury into believing that the inspectors had training to evaluate the structural integrity of, and/or infestation of termites in, the property at issue.

Plaintiff responds that the reports are relevant and necessary in order to rebut Defendant's anticipated defense that Plaintiff did not perform proper maintenance for the property, as these reports indicate that the inspectors found the property to be in good condition and satisfactorily maintained.  Furthermore, Plaintiff points out that the reports are not hearsay, as they are either admissions by Defendant's agent and/or can be authenticated to fall within the business record exception.  Finally, Plaintiff states that the jury will not be confused by the

evidence, because Plaintiff will present the reports as going to the issue of maintenance (not as if they are expert opinions of an engineer or entomologist).

The Court agrees with Plaintiff that this evidence is relevant, is not substantially more prejudicial than probative, and does not constitute improper lay opinion. Any hearsay objections to the reports (or portions of the reports) can be raised at the time of trial. Accordingly, the Court denies this motion.

## II.  Termite Company Suit and Termite Coverage (Doc. No. 130)

Plaintiff argues that Defendant should be precluded from introducing any evidence of, or referring to, Plaintiff's lawsuit against Orkin and Orkin's repair guarantees, because such will confuse the jurors and may cause them to believe that Plaintiff may obtain a double recovery. Plaintiff does not seek to exclude evidence that Orkin provided termite treatment and inspected the property.

Defendant responds that evidence of the Orkin lawsuit is relevant, as it goes to whether the loss is covered under the policy. Specifically, Defendant argues that the policy excludes coverage for losses due to faulty maintenance, and Defendant contends that Plaintiff's lawsuit against Orkin is evidence of the fact that Orkin provided faulty maintenance. Furthermore, Defendant contends that evidence of the pending Orkin lawsuit is relevant to show bias in the testimony of the Orkin witnesses. Additionally, Defendant argues that evidence that Plaintiff filed suit against Orkin in October of 2007 is relevant to the issue of when Plaintiff had notice of the loss, since Plaintiff did not report the loss to Defendant until the last quarter of 2008.

Upon consideration, the Court finds that evidence of the existence of the Orkin lawsuit is relevant and admissible, because it goes to the issues of notice, whether the loss is excluded

under the policy due to faulty maintenance, and possible bias in the Orkin witnesses' testimony. As such, the Court will allow witnesses to testify as to the existence of the Orkin lawsuit, and the Court denies the motion to that extent. However, the Court will not allow the Orkin complaint to be admitted into evidence, but the Court will allow the witnesses to be questioned about the allegations in the Orkin complaint, as those allegations are relevant to the issue of whether the loss is excluded under the policy due to faulty maintenance.

With regards to the Orkin repair guarantees, the Court notes that Defendant has not directly responded with any argument as to why this evidence should not be excluded. As such, the Court agrees with Plaintiff that Defendant should be precluded from introducing any evidence of, or referring to, Orkin's repair guarantees, as such may confuse the jury regarding the focus of this lawsuit. Therefore, the motion is granted as to the Orkin repair guarantee.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant's Motion in Limine regarding the inspection reports in connection with the insurance applications (Doc. No. 143) is **DENIED**.

(2) Plaintiff's Motion in Limine regarding the Orkin lawsuit and termite coverage (Doc. No. 130) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that the Court excludes evidence of, or referring to, Orkin's repair guarantees; otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of March, 2011.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge