UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHEFFIELD WOODS AT WELLINGTON
CONDOMINIUM ASSOCIATION, INC.,

      Plaintiff,

v.                                              Case No. 8:09-cv-1148-T-24 TBM

SCOTTSDALE INSURANCE COMPANY,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Preclude Expert Testimony Regarding the Amount of Damages. (Doc. No. 142). Plaintiff opposes the motion. (Doc. No. 158).

Defendant argues that Plaintiff should be precluded from presenting expert testimony regarding the amount of damage to the Property, since Plaintiff's experts cannot establish the time frame during which the damage occurred in a manner consistent with Federal Rule of Evidence 702. Rule 702 allows expert testimony as long as "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

Defendant argues that since the damage to the Property has been ongoing for many years and only the damage covered during some of those years may be covered under the policy, and since Plaintiff's expert, Roy Kerns, concedes that there is no way of determining the rate at which the damage occurred, Kerns' testimony regarding the amount of damages should be excluded. Likewise, Plaintiff's expert, Paul Bello, has acknowledged that there is no accepted

industry standard for dating termite damage. Accordingly, Defendant contends that their testimony regarding damages to the Property cannot be based on sufficient facts or data, nor can it be based on reliable principles or methods.

Plaintiff responds that Kerns will testify as to the *total* amount of damage to the Property and his calculation of repair costs.[1] Defendant has not argued that Kerns is incapable of quantifying the total amount of damage to the Property, and as such, the Court will not preclude Kerns from giving his opinion regarding the total amount of damage to the Property and the cost to repair it. However, based on the record before the Court, the Court agrees that it would be difficult, if not impossible, for anyone to give a reliable opinion regarding the amount of damage to the Property that occurred in any one or more specific past years or periods; all that is capable of being determined is the *total* amount of damage sustained through the date of an expert's examination of the Property.

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant's Motion to Preclude Expert Testimony Regarding the Amount of Damages (Doc. No. 142) is **GRANTED IN PART AND DENIED IN PART**: The motion is **DENIED** to the extent that Kerns can testify regarding his opinions as to the total amount of damage to the Property and the cost to repair it; however, the motion is **GRANTED** to the extent that Kerns cannot testify regarding his opinions as to the specific dollar amount of damage that occurred during any one or more specific years or period.

---

[1] Bello's expert report does not include an opinion regarding the dollar amount of damage to the Property. As such, it appears that Defendant's motion is really only directed at Kerns.

(2)  Plaintiff's Request for a <u>Daubert</u> hearing (Doc. No. 159) is **DENIED**.

(3)  Plaintiff's Motion for Leave to File Bello's Deposition (Doc. No. 171) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of March, 2011.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge